UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                          :

UNITED STATES OF AMERICA,        :

                   v.                            :

                                                        :          23-CR-363 (VSB)

LEPIDO RAMIREZ RODRIGUEZ     :

                                                       :                **ORDER**

                                  Defendant.    :

                                                         :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       A conference is scheduled for Thursday, February 1, 2024, at 11:00 a.m.. At that conference, I will hear oral argument related to Defendant's motion to dismiss. (Doc. 15., "Def. Br.".) To facilitate oral argument, it is hereby:

       ORDERED that the parties should be prepared to discuss the following questions:

1. The Government states that the Court "need not reach the issue of whether the 2000 Removal Order resulted from a fundamental procedural error." (Doc. 20, "Gov. Opp.," 11.)

    a. Despite the above statement, what is the Government's position as to whether the initial 2000 removal order was valid?

    b. Putting *United States v. Minter*, 80 F.4th 406 (2d Cir. 2023) aside, do I need to determine whether the 2000 removal order was proper at the time to assess the "fundamental fairness" element of § 1326(d), even as to the subsequent 2010 and 2016 removal orders?

2. What are the parties' respective positions as to whether the immigration judge correctly determined at the removal hearing, based upon the law at the time, that (i) Defendant had

1

been convicted of a removable drug offense, such that he was removable pursuant to INA § 237(a)(2)(B)(i), and (ii) that Defendant had been convicted of an aggravated felony, such that he was removable pursuant to INA § 237(a)(2)(A)(iii)?

3. With regard to the import of *Minter*, is Defendant's argument that the drug conviction was never an aggravated felony, or is the Defendant's argument instead based on *Minter*'s determination that "New York's definition of cocaine is categorically broader than its federal counterpart," such that the drug offense for which Defendant's removal was based on no longer qualifies as an aggravated felony? (Def. Br. 10 (citing *Minter*, 80 F.4th 406, 407 (2d Cir. 2023)).)

4. Does the Defendant concede that if *Minter* does not apply retroactively—or at least that any intervening change in law cannot alter whether the Defendant's prior drug offense qualified as an aggravated felony or not at the time—that the immigration judge's determination during the 2000 proceeding that Defendant had been convicted of an aggravated felony was correct based upon the law at the time?

    a. If so, does the Defendant concede that the 2000 procedure was, therefore, not fundamentally unfair because there was no procedural error and no resulting prejudice? If the 2000 procedure was not fundamentally unfair, does the Defendant agree that collateral attack is statutorily barred? If not, what is the procedural error upon which Defendant relies?

    b. As for the subsequent 2009 and 2013 illegal reentry convictions, if *Minter* represents a change in the law, and I find the Fifth Circuit's reasoning *Huerta-Rodriguez* persuasive and determine that Defendant's subsequent reentry convictions themselves are aggravated felonies, does Defendant agree that these

   convictions would support the instant charge? *United States v. Huerta-Rodriguez*, 64 F.4th 270 (5th Cir. 2023).

5. The Defendant argues that *Huerta-Rodriguez* is inapplicable here because it applies only to sentencing under § 1326(b)(2). (Doc. 21, "Def. Reply," 10.) What is the Government's response?

6. Was the Defendant eligible for relief from removal at the time of the initial 2000 removal order?

7. Assuming the 2000 removal order is valid, could the immigration judge's statements to Defendant nonetheless constitute an erroneous instruction? In other words, if the immigration judge correctly determined that Defendant had been convicted of an aggravated felony and was removable, was the Defendant ineligible for relief?

8. In the cases cited by Defendant regarding the fundamental unfairness prong of the analysis, the immigration judge's removability determination appears to have been deemed incorrect at the time, and subsequent instructions and statements to Defendants in those cases based on that determination were therefore erroneous, such that the Defendant's collateral attack of the removal order was proper. (*See* Def. Br. 10–11 (citing *United States v. Fernandez-Taveras*, 511 F. Supp. 3d 367, 374 (E.D.N.Y. 2021); *United States v. Moncrieffe*, 167 F. Supp. 3d 383, 414 (E.D.N.Y. 2016); *United States v. Young*, 2023 WL 4054527, at *7 (E.D.N.Y. June 16, 2023); *United States v. Grant*, 2023 WL 5719888, at *6 (E.D.N.Y. Sept. 5, 2023)).)

   a. Do the above facts make those cases distinguishable in that here, the Government argues that Defendant's collateral attack is statutorily barred by § 1326(d)

      precisely because the 2000 removal order did, in fact, warrant removal, unlike the orders at issue in the cases cited by Defendant?

    b. Does it matter if the immigration judge's subsequent comments to Defendant were erroneous if his initial determination was correct?  In other words, should it not make a difference that the judge's comments were not misleading or incorrect under the law at the time they were made?  Can Defendant nonetheless establish a procedural error?

9. Does the Government argue that the 2010 and 2016 removal orders are predicted on the 2000 drug charge or the 2000 removal order?

10. Does Defendant's failure to meet the other two prongs of § 1326(d) for both the 2010 and 2016 reinstatements statutorily bar him from attacking the instant conviction?  Are illegal reentry convictions considered aggravated felonies?  Does the Defense believe that the Government is incorrect that even if the 2000 removal order was improper, either of the two illegal reentry convictions from 2009 and 2013 could serve as the basis for the instant charge based on *United States v. Huerta-Rodriguez*, 64 F.4th 270, 278 (5th Cir. 2023)?

11.  Putting aside the issue of fundamental fairness, what is the Defense's position as to whether *United States v. Scott*, 394 F.3d 111 (2d. Cir. 2005) stands for the proposition that § 1326(d)'s requirements apply only to the initial removal order?

12. The Government relies on *United States v. Barrera Moreno*, 410 F. Supp. 3d 697 (S.D.N.Y.).  Are the circumstances here distinguishable?  If the 2000 removal order was invalid, would the Defendant have been permitted to remain in the United States?  The Government argues that "[b]y the time the 2000 Removal Order was reinstated in 2010,

the defendant had been convicted of illegal reentry under 8 U.S.C. § 1326(a) and (b)(2) . . . itself an aggravated felony under the INA." (Gov. Opp. 13.)  Unlike in *Barrera Moreno*, however, if the underlying removal order was invalid, and Defendant was therefore permitted to remain in the country, could it not be argued that there be no basis for either of the two illegal reentry charges?

13. Are the pronouncements in *United States v. Sosa*, 387 F.3d 131, 138 (2d Cir. 2004) and *United States v. Calderon*, 391 F.3d 370, 375 (2d Cir. 2004) that Defendants are excused from § 1326(d)'s exhaustion requirements when the failure to exhaust results from an unknowing and unintelligent waiver of appeal abrogated by the Supreme Court's holding in *United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1619 (2021)?  Is Judge Cronan's distinction between the statutory exhaustion requirements of § 1326(d) and the Constitutional concerns regarding a knowing and intelligent waiver of appeal correct, as set forth in his decision in *United States v. Gutierrez-Campos*?  *See* No. 21-Cr-40 (JPC), 2022 WL 281582, at *18–19 (S.D.N.Y. Jan. 31, 2022).

SO ORDERED.

Dated: January 31, 2024
New York, New York

Vernon S. Broderick
United States District Judge